UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BROWN,

    Petitioner,                                    Case No. 05-CV-72437-DT

v.

BLAINE LAFLER,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

On June 20, 2005, Petitioner Gregory Brown, presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed an independent action for relief from judgment under Fed. R. Civ. P. 60(b). In his motion, filed *pro se*, Petitioner challenged his conviction by a jury for one count of breaking and entering an occupied building,[1] armed robbery,[2] unarmed robbery,[3] and possession of a firearm during the commission of a felony.[4] On July 7, 2005, Magistrate Judge R. Steven Whalen construed Petitioner's independent Rule 60(b) action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and issued an "Order to Correct Deficiency," in which Petitioner was ordered to submit a $5.00 fee for filing a habeas corpus petition or an application to proceed *in forma pauperis* within twenty one days of the order [Dkt.

---

[1] Mich. Comp. Laws § 750.110.

[2] Mich. Comp. Laws § 750.429.

[3] Mich. Comp. Laws § 750.539.

[4] Mich. Comp. Laws § 750.227b.

# 2]. For the reasons stated below, Petitioner's action is dismissed without prejudice because of petitioner's failure to comply with the court's order.

## I. DISCUSSION

Petitioner's application is subject to dismissal because he failed to comply with the court's "Order of Deficiency" that required by either submitting the $5.00 filing fee or an application to proceed *in forma pauperis*. (7/7/05 Order at 1.)

If a prisoner who seeks habeas corpus relief does not comply with a district court's directions in a deficiency order, regarding the prisoner's failure to pay the full filing fee and his failure to provide the required documentation to apply to proceed *in forma pauperis*, the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution. *See Gravitt v. Tyszkiewicz,* 14 Fed. Appx. 348, 349 (6th Cir. 2001) (citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997)). The deficiency order clearly stated that Petitioner was required to submit either the $5.00 filing fee or an application to proceed *in forma pauperis*. The deficiency order also expressly warned petitioner that failure to comply with the order could result in the dismissal of his action. (7/7/05 Order at 1.) Because Petitioner failed to pay the filing fee or submit an application to proceed *in forma pauperis*, his petition is subject to dismissal for want of prosecution. *Gravitt,* 14 Fed. Appx. at 349.

Although Petitioner never submitted the filing fee or an application to proceed *in forma pauperis,* he did send a letter to the court on or about July 18, 2005 [Dkt. # 4]. In this letter, Petitioner indicates that he did not intend to file this action as a habeas corpus petition, but was instead filing a motion for relief from judgment under Fed. R.

Civ. P. 60(b).  (7/18/05 Letter at 1.)  He contends that he intended to file an independent action alleging fraud against the Dearborn Heights Police Department and the prosecutor for conspiring to suppress the information that was used to obtain an arrest warrant against Petitioner.  (*Id.*)  Petitioner claims that he did not intend to file a petition for writ of habeas corpus and asks that the "[o]rder amending caption and petition be dismissed."[5]  (*Id.*)  It is unclear from the request whether Petitioner wants his entire application dismissed or whether he only seeks to have the court's July 7, 2005 "Order Amending Caption" dismissed.

To the extent that Petitioner may be arguing that the clerk's office erred in construing his action as a habeas corpus petition, therefore excusing him from the filing requirements for filing such a petition, his argument is without merit.  Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a habeas petitioner to attempt to have his criminal conviction set aside.  *See United States v. Pope,* 124 Fed. Appx. 680, 682 (2d Cir. 2005).  Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief."  *Id.* (quoting *Harris v. United States*, 367 F. 3d 74, 80 (2d Cir. 2004)).  In

---

[5] At the time that the "Order of Deficiency" was signed, Magistrate Judge R. Steven Whalen separately signed an "Order Amending Caption," to reflect that the true respondent in this case was Petitioner's custodian, Blaine Lafler. [Dkt. # 3].

this case, a Rule 60(b) motion is not appropriate, because Petitioner is not seeking to set aside a denial of habeas relief, since he never sought such relief in the form of a petition for writ of habeas corpus. *Id.* A review of Petitioner's motion for relief from judgment shows that he is challenging the validity of his state court criminal convictions and that he seeks to have these convictions vacated or set aside. Petitioner's sole federal remedy to challenge his state court convictions is to file a petition for writ of habeas corpus. Because Petitioner has failed to comply with the deficiency order in this case, his action will be dismissed.

## II. CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that the "Relief From Judgment Under Fed. R. Civ. P. Rule 60 (b)" [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: August 31, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2005, by electronic and/or ordinary mail.

        s/Lisa G.Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522